ROSEN ✧ SABA, LLP
RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
ALLISON OWENS, ESQ. (State Bar No. 347908)
aowens@rosensaba.com
GIULIANA ROISENZVIT, ESQ. (State Bar No. 352298)
groisenzvit@rosensaba.com
2301 Rosecrans Avenue, Suite 3180
El Segundo, California 90245
Telephone: (310) 285-1727
Facsimile: (310) 285-1728

Attorneys for Plaintiff,
MARCUS WILKERSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCUS WILKERSON, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>AMAZON.COM INC.; and DOES 1-10 inclusive,<br><br>*Defendants*. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1. STRICT PRODUCTS LIABILITY**<br>**2. NEGLIGENCE**<br>**3. BREACH OF WARRANTY**<br><br>**DEMAND FOR TRIAL BY JURY** |

ROSEN ✧ SABA, LLP
2301 Rosecrans Ave, Suite 3180, El Segundo, CA 90245

**TO THIS HONORABLE COURT AND ALL INTERESTED PARTIES:**

**NOW COMES** Plaintiff MARCUS WILKERSON ("Plaintiff") who alleges causes of action against Amazon.com Inc ("Amazon") and DOES 1 through 10, inclusive (collectively, "Defendants"), as follows:

## THE PARTIES

1. At all relevant times, Plaintiff Marcus Wilkerson was and now is a resident of the County of San Bernardino, State of California.

2. Defendant Amazon.com Inc. is, and all relevant times was, a Delaware corporation conducting business in the State of California. Its principal place of business is located in Seattle, Washington. Defendant Amazon sells products to consumers in California through its website, Amazon.com.

3. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants are not yet known to Plaintiff. Plaintiff is informed and believes, and thereupon alleges, however, that each of the defendants designated as a DOE herein was, and is, intentionally, negligently, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby intentionally, negligently, or in some other actionable manner, legally and proximately caused the injuries and damages to Plaintiff described herein. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the fictitiously sued defendants' true names and capacities, after the same have been ascertained. References in this Complaint to "all Defendants" are deemed to include by reference a specific reference to each Doe Defendant designated herein.

4. At all times mentioned herein, each of the Defendants was the agent, principal, partner, alter-ego, joint venturer, employee and/or authorized representative of every other Defendant and, in doing the things hereinafter alleged, was acting within the

ROSEN ✧ SABA, LLP
2301 Rosecrans Ave, Suite 3180, El Segundo, CA 90245



ROSEN ✧ SABA, LLP
2301 Rosecrans Ave, Suite 3180, El Segundo, CA 90245

course and scope of such agency, service and representation and directed, aided and abetted, authorized and/or ratified each and every act and conduct hereinafter alleged.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the entire action pursuant to 28 U.S.C. §1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the Defendants are subject to personal jurisdiction in this district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. On or about November 17, 2024, Plaintiff purchased an immersion water heater (the "Product") from a third party seller on Amazon.com.

(Image featured on Amazon.com product advertisement)

8. Plaintiff interacted solely with Amazon regarding the purchase of the Product.

9. A thermostat device was included in the package containing the immersion water heater sent by Amazon.

10. The immersion heater could be plugged directly into a wall electrical outlet, or into the thermostat device and then into a wall electrical outlet.

(Image featured on Amazon.com product Advertisement)

11. Plaintiff used the product by plugging the immersion water heater directly into a wall electrical outlet, bypassing the thermostat altogether.

12. At the time of purchase, the product did not include adequate (or any) warnings regarding the potential risks and dangers associated with bypassing the thermostat.

13. On December 1, 2024, while Plaintiff was using the Product in a manner that was intended and foreseeable by Defendants, the Product caused a fire inside Plaintiff's home located in City of Hesperia, County of San Bernardino, State of California (the "Property"). The fire burned a substantial portion of Plaintiff's house and caused significant personal property loss.

ROSEN ✧ SABA, LLP
2301 Rosecrans Ave, Suite 3180, El Segundo, CA 90245

14. The fire was caused because Plaintiff plugged the Product directly into the wall electrical outlet and did not use the thermostat device.

15. The Property suffered significant damage because of the fire.

16. The lack of adequate warnings on the product caused Plaintiff's injuries.

**FIRST CAUSE OF ACTION**

***Strict Products Liability***

**(Against All Defendants)**

17. Plaintiff realleges and incorporates by reference as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 16 of this Complaint.

18. Defendants sold the Product to Plaintiff.

19. The Product had potential risks that were known or knowable in light of the knowledge generally accepted at the time of sale.

ROSEN ✧ SABA, LLP
2301 Rosecrans Ave, Suite 3180, El Segundo, CA 90245

ROSEN ✧ SABA, LLP
2301 Rosecrans Ave, Suite 3180, El Segundo, CA 90245

20. The potential risks presented a substantial danger when the product is used or misused in an intended or reasonably foreseeable way.

21. Ordinary consumers would not have recognized the potential risks.

22. Defendants failed to adequately warn or instruct of the potential risks.

23. Plaintiff was harmed.

24. The lack of sufficient instructions or warnings was a substantial factor in causing Plaintiff's harm.

25. As a direct and proximate result of Defendants' actions, Plaintiff has incurred and will continue to incur economic and non-economic damages to the exact amount of which is unknown to Plaintiff but will be proven at trial.

## SECOND CAUSE OF ACTION

***Negligence***

**(Against All Defendants)**

26. Plaintiff realleges and incorporates by reference as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 16 of this Complaint.

27. Defendants sold and supplied the Product to Plaintiff.

28. Defendants were negligent in supplying the Product to Plaintiff.

29. Plaintiff was harmed.

30. Defendants' negligence was a substantial factor in causing Plaintiff's harm.

31. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred and will continue to incur economic and non-economic damages to the exact amount of which is unknown to Plaintiff but will be proven at trial.

ROSEN ✧ SABA, LLP
2301 Rosecrans Ave, Suite 3180, El Segundo, CA 90245

## THIRD CAUSE OF ACTION

### *Breach of Warranty*

### (Against All Defendants)

32. Plaintiff realleges and incorporates by reference as though fully set forth herein, each and every allegation contained in Paragraphs 1 through 16 of this Complaint.

33. Plaintiff bought the product from Defendants.

34. At the time of purchase, Defendants were in the business of selling the Product.

35. The product was not fit for the ordinary purposes for which such goods are used.

36. Plaintiff was harmed.

37. The failure of the product to have the expected quality was a substantial factor in causing Plaintiff's harm.

38. As a direct and proximate result of Defendants' actions, Plaintiff has incurred and will continue to incur economic and non-economic damages to the exact amount of which is unknown to Plaintiff but will be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marcus Wilkerson, prays for judgment against Defendants as follows:

1. For all non-economic damages incurred by Plaintiff in an amount according to proof at the time of trial;

2. For all economic damages in an amount in excess of this Court's minimum jurisdictional limits and according to proof at the time of trial;



ROSEN ✧ SABA, LLP
2301 Rosecrans Ave, Suite 3180, El Segundo, CA 90245

3. For prejudgment interest from the first date and highest rate allowed by law, and according to proof;

4. For exemplary and punitive damages, according to proof;

5. For attorneys' fees, to the extent that such recovery is authorized or permitted by law;

6. For all costs of suit incurred herein, to the extent authorized or permitted by law; and

7. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: August 26, 2025

ROSEN ✧ SABA, LLP

By: ________________________
RYAN D. SABA, ESQ.
ALLISON OWENS, ESQ.
GIULIANA ROISENZVIT, ESQ.
Attorneys for Plaintiff